### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| **CARL VOGEL,** | ) CASE NO. |
| | ) |
| **Plaintiff,** | ) |
| | ) JUDGE |
| vs. | ) |
| | ) MAGISTRATE JUDGE |
| **MAC'S CONVENIENCE STORES LLC,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

### NOTICE OF REMOVAL

The Defendant, MAC'S CONVENIENCE STORES LLC ("Defendant" or "Movant"), by and through its attorney, Michelle L. Casper of Ulmer & Berne LLP, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes this action to the United States District Court for the Southern District of Indiana, Indianapolis Division and in support thereof, states as follows:

1. The Movant's Notice of Removal is based upon subject matter jurisdiction conferred by diversity of citizenship, as established in 28 U.S.C. § 1332.

2. At all relevant times, Plaintiff was and is domiciled in Johnson County, Indiana (*See* Exhibit A, Plaintiff's Complaint and Jury Demand, at ¶ 2).

3. Both at the time of the commencement of the State Court Action and at the present time, the Defendant, Mac's Convenience Stores LLC, was a single-member limited liability company with its sole member being Couche-Tard U.S. Inc. Couche-Tard U.S. Inc. is a Delaware corporation with its principal place of business in Tempe, Arizona. Accordingly, Defendant is a citizen of Delaware and Arizona only. Cosgrave v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) (holding that the citizenship of a limited liability company is the citizenship of each of its

members). (*See* Affidavit of Scott Scharfenberg, attached as Exhibit B, and Business Profile Record for Couche-Tard U.S. Inc., attached as Exhibit C). The only relevant inquiry for the purpose of determining citizenship of a limited liability company is the citizenship of each of its members, as explained by Cosgrave:

> The principal defendant is Joseph Bartolotta, but his company—Mary-Bart, LLC—is also named as a defendant; and in a diversity case, whenever there is an unconventional party (that is, someone or something other than either a natural person suing in his own rather than a representative capacity, or a business corporation) a jurisdictional warning flag should go up. … Mary–Bart is neither a partnership nor a corporation, but a "limited liability company." [W]e conclude that the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members.

Cosgrave, 150 F.3d at 731 (internal citations omitted).

4. This matter arises out of an accident that occurred on September 14, 2021 at a gas station located at 10 North Morton Street, Franklin, Johnson County, Indiana. Plaintiff, Carl Vogel, filed a Complaint in the Johnson County Superior Court, styled Carl Vogel v. Mac's Convenience Stores LLC, Cause No. 41D01-2206-CT-000081. The Complaint did not indicate whether the amount in controversy was in excess of $75,000. (*See* Exhibit A, Plaintiff's Complaint and Jury Demand, at ¶ 1 and generally).

5. At the time of the filing of Plaintiff's Complaint, Defendant did not have confirmation of the value of Plaintiff's damages. On July 28, 2022, Defendant served discovery requests to Plaintiff which included a Request to Admit that the damages at issue exceed $75,000. (*See* Exhibit D, Discovery Requests and Request to Admit issued to Plaintiff on July 28, 2022). As of the date of this Removal, Plaintiff has not served its Response to the Request to Admit, and the Request to Admit is therefore admitted. Additionally, on August 10, 2022, Plaintiff's counsel served Defendant's counsel with a settlement demand of $185,000. In that demand, Plaintiff confirmed that his client's medical bills totaled $29,927.72 and that his client had incurred lost

wages of $32,000. *See* <u>Exhibit E</u>, Plaintiff's Demand (please note that confidential personal health information has been redacted). Based on this documentation, Defendant reasonably believes that Plaintiff's damages exceed $75,000.00.

6.  Defendant has a statutory right to file its Notice of Removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief …" 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The statute specifically clarifies that the term "other paper" may include discovery responses which indicate the amount in controversy. 28 U.S.C. § 1446(c)(3)(A). Given that the very first indication of the amount in controversy was the service of Plaintiff's demand on August 10, 2022, the thirty-day time frame has not yet run on Defendant's right to seek removal of this action, and this Notice is therefore timely.

7.  There is complete diversity of citizenship between the Plaintiff, a citizen of Indiana, and the Defendant, a citizen of Arizona and Delaware.

8.  With the service upon Defendant of Plaintiff's demand occurring on August 10, 2022, this Notice was filed within (30) thirty days of "the receipt by the Defendant, through service or otherwise, of a copy of [a]… paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

9.  As required by 28 U.S.C. § 1446 (d), the Defendant will promptly serve upon Plaintiff's counsel and file with the Johnson County Superior Court sitting in Johnson County, Indiana a true and correct copy of this Notice.

10. As required by 28 U.S.C. § 1446 (a) and Local Rule 81-2 (a), the Defendant attaches a copy of all process, pleadings and orders served upon the Defendant in State Court. (*See* Exhibit F, State Court Record).

11. By removing this action, the Defendant does not waive any defenses available to it.

12. If any question arises as to the propriety of the removal of this action, the Defendant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

13. This Notice is signed and in compliance with Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant, MAC'S CONVENIENCE STORES LLC, prays that this Honorable Court retain jurisdiction of the matter pursuant to 28 U.S.C., §§ 1332, 1441, and 1446.

Respectfully submitted,

*/s/ Michelle L. Casper*
Michelle L. Casper  (#26135-45)
ULMER & BERNE LLP
65 East State Street, Suite 1100
Columbus, Ohio  43215-4213
(614) 229-0036; (614) 229-0037 Fax
mcasper@ulmer.com

*Counsel for Defendant, Mac's Convenience Stores LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2022, a copy of the foregoing *Notice of Removal* was filed electronically and provided via e-mail to counsel of record.  Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System (CM/ECF).  Parties may access this filing through the Court's system.

John D. Norman<br>
Donald Poynter<br>
Matthew W. Kappus<br>
POYNTER & BUCHERI, LLC<br>
4202 Madison Ave<br>
Indianapolis, IN 46227<br>
317-780-8000<br>
317-780-7050-fax<br>
john@pb-law.com<br>
don@pb-law.com<br>
pblaw.mwkappus@gmail.com

*/s/ Michelle L. Casper*
Michelle L. Casper
ULMER & BERNE LLP